

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

July 3, 2024

**By ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re:   *Texas Medical Association v. HHS*, No. 23-40217

Dear Mr. Cayce:

    Pursuant to FRAP 28(j), we write to inform the Court of the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, Nos. 22-451, 22-1219, 2024 WL 3208360 (U.S. June 28, 2024).

    In *Loper Bright*, the Supreme Court overruled its decision in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which held that silence or ambiguity in a statute should be regarded as an implicit delegation of authority to an agency. But *Loper Bright* reaffirmed that, "[w]hen the best reading of a statute is that it delegates discretionary authority to an agency, the role of the reviewing court" is "to independently interpret the statute and effectuate the will of Congress subject to constitutional limits."  2024 WL 3208360, at *14. Congress "often" enacts statutes that contain such express delegations of discretionary rulemaking authority, *id.* at *13, including where, for example, it "empower[s] an agency to prescribe rules to 'fill up the details' of a statutory scheme," *id.* (quoting *Wayman v. Southard*, 10 Wheat. 1, 43 (1825)).  When an agency rule promulgated pursuant to such authority is challenged under the APA, courts "stay out of discretionary policymaking"; the reviewing court's role is "to independently identify and respect such delegations of authority, police

the outer boundaries of those delegations, and ensure that agencies exercise their discretion consistent with the APA." *Id.* at *17.

Given the express delegation of authority identified in the government's opening and reply briefs, *see* 42 U.S.C. § 300gg-111(c)(2)(A); Opening Br. 2, 14, 27-28, 36, 42, 47; Reply Br. 1, 10, if this Court were to reach the merits, it should conclude that the Departments appropriately exercised their rulemaking authority in promulgating the reasonable rule at issue in this litigation.

          Sincerely,

          JOSHUA M. SALZMAN

          *s/ Kevin B. Soter*
          KEVIN B. SOTER
            *Attorneys, Appellate Staff*
            *Civil Division, Room 7222*
            *U.S. Department of Justice*
            *950 Pennsylvania Avenue NW*
            *Washington, DC 20530*
            *(202) 305-1754*
            *kevin.b.soter@usdoj.gov*

cc:     All counsel (via CM/ECF)