

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, DC 20005
+1 202 736 8000

AMERICA • ASIA PACIFIC • EUROPE

+1 202 736 8018
EMCARTHUR@SIDLEY.COM

July 8, 2024

**By CM/ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals
For the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

     Re:    Case No. 23-40217, *Tex. Med. Ass'n v. HHS*

Dear Mr. Cayce:

     Pursuant to Rule 28(j), I write to respond to the Departments' letter regarding *Loper Bright Enterprises v. Raimondo*, 603 U.S. —, 2024 WL 3208360 (June 28, 2024), which overruled the deference doctrine of *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

     The Departments did not expressly ask for *Chevron* deference in this case. Their opening brief (at 30) cited *Cuozzo Speed Technologies, LLC v. Lee*, 579 U.S. 261 (2016), the "most recent occasion" in which the Supreme Court applied *Chevron*. *Loper Bright* at *19. The Departments also cited (at 22, 30) *Easom v. U.S. Well Services, Inc.*, 37 F.4th 238 (5th Cir. 2022), in which this Court, applying *Chevron*, gave an agency regulation "controlling weight." But whether the Departments intended to invoke *Chevron* or not, one thing is now clear: courts may no longer "afford *binding* deference to agency interpretations." *Loper Bright* at *15. Instead, the Court must "exercise [its] independent judgment in deciding whether [the Departments have] acted within [their] statutory authority." *Id.* at *22.

     That is so even when "the best reading of a statute is that it delegates discretionary authority to an agency." *Id.* at *14; *see also* Departments' Letter at 2 (claiming such an "express delegation"). Even then, a court must still "independently interpret the statute" to "fix the boundaries of the delegated authority" and "ensur[e] the agency has" acted "within those boundaries." *Id.* (cleaned up). Here, the Departments' rules: (1) supplement the statute's comprehensive instructions regarding arbitrators' determination of the payment amount, TMA Br. 33–42; (2) conflict with statutory directives in multiple respects, *id.* at 42–60; and (3) skew IDR toward the QPA in a way that upsets Congress's carefully designed scheme, *id.* at 60–67. In each

# SIDLEY

Lyle W. Cayce
July 8, 2024
Page 2

respect, the Departments' rules exceed the boundaries of the authority Congress delegated to them in the NSA. To the extent there was any doubt before *Loper Bright*, it is now clear that in assessing these issues, this Court must exercise its "independent judgment" based on the statute's text, structure, history, and purpose—without deference to the agencies' views.

          Respectfully submitted,

          /s/ *Eric D. McArthur*

          Eric D. McArthur
          Sidley Austin LLP
          1501 K Street, NW
          Washington, D.C. 20005
          (202) 736-8018
          emcarthur@sidley.com

          *Counsel for Appellees Texas Medical Association, Tyler Regional Hospital, L.L.C., and Doctor Adam Corley*

cc: All counsel of record by CM/ECF